TuRley, J.
delivered the opinion of the court.
This is a proceeding, in the name of the State, against James L. McDonald, a late sheriff of Madison county, under the provisions of the act of the last session of the Legislature of the State, passed on the 4th of February, 1847, (Session acts of 1847-8, page 212,) and entitled an act to amend an act to call on clerks for execution dockets, passed 1833, chap. 43. Ify the second section of this act it is provided that it shall be the duty of the several Attorneys General of the State, within twelve months after the passage of the act, to call upon the clerks of. the County, Circhit, and Supreme Courts, for their execution dockets, and to examine the same carefully, from the passage of the act of 1833, chap. 43, and to move for judgments under the rules and regulations provided in said aet. The act in 1833, chap. 43, makes it the duty of *607 til© different Attorneys General of the State, on the 2nd day of each and every term of the County, Circuit, or Supreme Court, to call upon the several clerks thereof for their execution dockets; and if it shall appear that an 'execution, shall have been placed in the hands of any of the sheriffs -of the State, upon which any amount of money may be endorsed for fines, State tax, &c., which amount, when collected, would properly belong to the State or county revenue, or school fund, and said execution has not been returned, it shall be their duty to move for judgment against such sheriff and his security in favor of the State or county for such sums, as may appear from the execution docket to be due. And the act further makes it the duty of the court, before whom the motion is made, upon proof that the execution was placed in the hands of the sheriff, against whom the motion was made, and that he has failed to return the same, to render judgment against him and his securities for the amount due the county or State, together with the cost of the motion.
' By the 4th section of the act, the Attorney General is allowed five dollars as a tax fee, to be taxed against the defendants, for each judgment he may recover under the provisions of the act.
Under these two acts, the Attorney General for the 10th Judicial Circuit, moved the Circuit Court of Madison county for several judgments against the defendant, McDonald, as former sheriff of Madison county, for the non-return of divers executions, while he was sheriff of Madison county, in all of which there were cost taxed for the State. These executions are of three classes: those on which there are insufficient and illegal returns; those on which there are no returns, and those which are returned stayed by the order of the plaintiff. The Circuit *608 Judge, with the view to the diminution of the cost, consolidated the motions upon the several executions into one j and gave judgment against the defendant upon those which had not been returned, but refused it upon those upon which there was an insufficient and illegal return, and upon those which were returned, stayed by the order of the plaintiff; and refused to tax more than one tax fee for the Attorney General in the case as consolidated; and from this judgment the Attorney General, on behalf of the State, appeals.
We think the Circuit Judge was not warranted in consolidating the several motions against the defendant, for the non-return of the several executions, so as to exclude the Attorney General from his tax fee of five dollars in each and every case upon which he was entitled to judgment under the statutes. It is not a fair construction of the act of 1833, chap. 43, to hold that a consolidated motion was to be made against the sheriff for his liability by reason of his non-return of several executions; the statute obviously contemplates a separate motion in each ease, and expressly gives the tax fee in each where judgment may be given.
We think that an insufficient and illegal return of an execution is no return. Harmon vs. Childress, 3 Yer., 326, 330. We think that a return “stopped by order of the plaintiff,” is a good return; because the plaintiff in the execution being prima facie entitled to the proceeds, necessarily has the control of it. If this power over the execution be abused, so as to be productive of injury to others, who are really entitled to a part of the cost, application on their part must be made to the court, which will permit executiou to he had for such cost; we cannot in the first instance hold a sheriff responsible *609 for returning an execution without satisfying it or any part of it, if he be so instructed by the plaintiff; it is impossible for him to know how much if any of said execution may be rightfully belonging to others than the plaintiff. Under this view of the case, we reverse the judgment of the Circuit Court and proceeding, to give such judgment as should have been given, direct it against the defendant upon each execution, upon which there is no return, or an inefficient and illegal return, but not upon those which have been returned, stopped by order of the plaintiff; and that a tax fee of five dollars be' taxed to the Attorney General,-upon every execution, upon which judgment is given against the defendant, for an insufficient or illegal return, as well for non-return in the sense in which that term was held by the Circuit Judge.